LA O FLORES SALAZAR, Plaintiff and Appellee, *v.* ANGEL ARROYO RIVERA ET UX., Defendants and Appellees; and JUAN RIVERA GUTIÉRREZ ET AL., Defendants and Appellants.

No. 5195. Argued February 6, 1931—Decided February 10, 1932.

*Luis Llorens Torres* for appellants. *R. Rivera Zayas* for plaintiff-appellee. *E. Rincón Plumey* for defendants-appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

La O Flores Salazar began a suit against Angel Arroyo Rivera and his wife, María Aurora Estrada Espinet, and

against Juana Rivera Gutiérrez, to cancel a deed of sale and the entry of presentation thereof in the registry of property. In the same suit the complainant filed a petition for an injunction *pendente lite,* including as defendant the registrar of property of the appropriate district. An order to show cause was issued. The defendants appeared and set forth their reasons why in their judgment the injunction should not be issued, and the court, relying on sections 1376 of the Civil Code, 282 of the Code of Civil Procedure, and 36 and 38 of the Mortgage Law, and on the jurisprudence which it expressly cited, issued a preliminary injunction depending upon the filing of a bond of $1,200, and by virtue of the said injunction the defendants were enjoined from recording in the registry of property the deed whose nullity was sought, during the pendency of the suit and until a new order of the court.

What happened was that Angel Arroyo and his wife acquired a piece of property that was already mortgaged. The mortgage debt was not paid. The creditor began a foreclosure suit and bought in the property and subsequently conveyed it to La O Flores Salazar, the plaintiff in this case.

In the meantime the defendants Angel Arroyo and his wife sold the mortgaged property to Juana Rivera Gutiérrez. The deed of the sale was presented to the registry of property by the said Angel Arroyo. At the time of this presentation, the deed to La O Flores Salazar and his alleged predecessor in title had not been presented or recorded.

The appellants say that the district court had no right to order the registrar to refrain from making the record. Originally we were inclined to the opinion that the registrar was not a person who could be haled into court in an injunction proceeding. He has no real interest. We do not place too much stress on section 4 of the Injunction Law which provides:

"An injunction can not be granted:
" *       *       *       *       *       *       *

"3. To prevent the execution of a public statute by officers of the law for the public benefit."

More particularly, however, section 28 of the Mortgage Law provides as follows:

"The date of the entry made upon presentation of an instrument, which must appear in the record itself, shall be considered the date of such record for all intents and purposes thereof."

Therefore, the presentation of a deed is equivalent to its record for every effect that it has the right to produce. If by arriving at the registry first, Juana Rivera acquired a title under section 1376 of the Civil Code, such title would date from the presentation, and not from the actual record, of the deed. It is a question of superior rights on which the registrar, or perhaps the court, has to pass. On the question of rights as outlined by section 1376 of the Civil Code, a party can gain no greater right or title by staying the record in the registry of property. In other words, the rights of a registrant do not depend upon the actual record but upon the presentation in the registry.

Now it has also been suggested that either the mortgage sale was not duly made or there is a possibility of the mortgage sale not being duly made, and that in such an event they had rights in the equity of the property, that is to say the part not necessarily covered by the amount of the mortgage. It is evident that under the mortgage law and otherwise, if a mortgage sale does not take place duly the debtor has a right to annul it. If the mortgage execution sale was not properly made, necessarily the debtor had some rights or interest in the property. Something of this sort is evident in our opinion in the case of *Anaud* v. *Martínez,* 40 P.R.R. 641.

The writer has some doubts whether the registrar ought to be made a party in this sort of a suit, but the court finds it unneccessary to decide the question.

The order appealed from will be reversed and the injunction annulled.

Mr. Chief Justice Del Toro, dissenting.

I dissent from the decision reversing the order appealed from. In my opinion, the court used its discretion properly in granting the preliminary injunction upon the furnishing of a bond in the sum of $1,200, having due regard for the attendant circumstances. 32 C.J. 29.

The appellant maintains that the court erred in granting the injunction without either the complaint or the petition setting forth facts sufficient to constitute a cause of action against Juana Rivera; in failing to apply section 4 of the Injunction Act in connection with section 18 of the Mortgage Law; in failing to apply the maxim *prior tempore, potior jure;* in disregarding the status as third person claimed for Juana Rivera; and in failing to apply the provisions of section 1376 of the Civil Code relating to a sale of the same property to several vendees.

The tenth paragraph of the complaint reads as follows:

"*Tenth:* That defendant Ángel Arroyo Rivera, with the consent of codefendant María Aurora Estrada y Espinet, his wife, and knowing that he was no longer the owner of, nor had any right or interest in the properties marked with the letters 'a,' 'b,' and 'c,' and that the incumbrances affecting the properties marked with the letters 'd' and 'e' had become extinguished, maliciously and with the intent to defraud the plaintiff and to affect plaintiff's title and ownership of the properties above described, executed on September 23, 1929, in Mayagüez and before notary Benjamín J. Horton, a deed of sale by virtue whereof he conveyed to codefendant Juana Rivera y Gutiérrez the properties marked with the letters 'a,' 'b,' and 'c' and the aforesaid mortgage credits encumbering the pieces of property marked with the letters 'd' and 'e,' Arroyo himself having presented the said deed in the Registry of Property of San Juan as to which only the fact of such presentation has been entered thus far in said registry."

The averments of the complaint are reproduced in the petition for a preliminary injunction, in which it is alleged:

"*Fifth:* That should a record of the said deed be made, the plaintiff will be deprived of the rights appertaining to his dominion title

over the said properties; defendant Juana Rivera, y Gutiérrez will acquire recorded rights to the prejudice of the plaintiff who will be exposed to a multiplicity of suits and to irreparable damage as the owner in fee of the said properties, defendants Arroyo and his wife being insolvent.

"*Sixth:* That plaintiff is without any other speedy and adequate remedy in the ordinary course of law for preventing the consummation of the record of the said deed in the Registry of Property of San Juan pending a final determination of the present action; and that defendants, Angel Arroyo Rivera, his wife María Aurora Estrada y Espinet, and Juana Rivera y Gutiérrez, might proceed to have the said deed finally recorded in the name of the latter and the registrar might record the same unless this Hon. Court should issue a writ of preliminary injunction."

Really, no complicity whatever is imputed to defendant Juana Rivera in the act charged against defendants Arroyo Rivera and his wife. However, this circumstance which is so much stressed by the appellants is precisely what led the plaintiff to seek the injunction in order to secure a judgment valid also as against Juana Rivera. If they succeeded in recording the deed of sale in the registry in the name of Juana Rivera, the latter would, pursuant to section 1376 of the Civil Code, become the actual owner, and it was sought by means of the injunction to prevent such record before the final determination of the action for nullity.

This is a case of double sale of real property by the vendor in which the property shall belong to the purchaser who first recorded it in the registry, according to the cited legal provisions, or, in the absence of such record, it shall belong to the person who first took possession of it in good faith. The fact should not be overlooked that it is alleged in the complaint not only that the plaintiff is the owner, but also that he is in actual possession of the immovables in question. The complaint and the petition are sufficient.

The appellants maintain that section 282 of the Code of Civil Procedure is not applicable to the case at bar. Their argument does not convince us of such inapplicability. That section reads as follows:

"Sec. 282. An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim."

In this case the Arroyo spouses sold to Juana Rivera the properties in question and the purchaser sought, through the vendors themselves, to have the conveyance recorded in the registry. Therefore, there is no doubt that Juana Rivera was on the point of perfecting her title when the plaintiff intervened and asserted his ownership of the houses sold to Juana Rivera by the Arroyo spouses. This is clearly a case of conflicting claims to the same immovable, the action having been instituted by the person who is in possession thereof as owner.

The following is a quotation from Ruling Case Law illustrating the origin and scope of this kind of action, introduced in our system of legal procedure by the Code of 1904:

"In many of the states statutes have been enacted which greatly enlarge the jurisdiction of the courts in actions to remove clouds or quiet title and generally permit actions to be brought to determine any adverse claim, interest or estate in lands . . .

"The purpose of statutes providing for the determination of adverse claims to realty generally, is to afford an easy and expeditious mode of quieting title to real estate. This result is secured by enlarging the power of the court to determine adverse claims to land and to quiet the title thereto in cases where, by the strict rules of a court of equity, no action could be maintained to quiet title and remove clouds thereon; and, in some jurisdictions, to enable any person, whether in or out of possession, and holding the legal or equitable title, to maintain an action against another who claims an estate in real property adverse to him. The action to determine adverse claims, though statutory, is substantially an equitable one, and, except as otherwise provided in the statute, all the ordinary rules governing suits in equity to quiet title apply to such an action, including the rule as to the parties necessary to be joined in order to bind contingent interests." 5 R.C.L., pp. 643, 644.

The latter part of the above quotation shows that within the action recourse may be had to an injunction proceeding, as happened in the present case, and disposes of the conten-

tion made by the registrar when he appeared to show cause in the district court and assigned as error in this Court by Juana Rivera.

It is true that according to the statute (section 1357 of the Compiled Statutes of 1911) an injunction can not be granted "to prevent the execution of a public statute by officers of the law for the public benefit." However, this is not the case now, since the issue involved is purely a controversy between individuals.

It is also true that the law provides means for entering notices of judicial claims in the registry and that it allows appeals from the decisions of registrars, but really the prevention of the multiplicity of suits that might result afterwards is better secured by preventing in time the registration. In the case before us the injunction was granted upon the furnishing of a bond sufficient to cover any damages that might be caused to the defendant.

With respect to the inapplicability of the maxim *prior tempore, potior jure* and to the disregard by the court of the status as third person of defendant Juana Rivera, these are questions which go to the merits of the case. It can not be denied that the defendant participated in the contract sought to be anulled, either with or without notice of the previous facts. Nor can it be questioned that, although the entry of presentation carries much force in our mortgage system, section 1376 of the Civil Code requires the recording of the immovable in the registry for a determination as to the transfer of ownership in the case of a double sale. In the present case no record had been made.

On presentation of the documents, the proper entry is made in the manner prescribed by law, and it is such entry that determines the time of the admission of each title to registration and with it the moment at which the claim becomes public; but it is the registration, as stated by Morell, that represents the expression of a real right effective as against third persons. It presupposes something permanent,

100

lasting, which gives public notice to all as to the existence of a right, the claimant thereof, its specific object, its extent and conditions; and it does this on the basis of a title previously passed upon, and therefore containing all the necessary requisites as to legality and safety, so that such right should be regarded as authentic by third persons in dealing subsequently with the thing the object of the registration. 2 Morell, *Legislación Hipotecaria,* 4.

For a more detailed consideration of these questions, see Morell, *Legislación Hipotecaria,* vol. 2, pp. 3, 4, and 11, and vol. 5, p. 231; see also Barrachina, *Derecho Hipotecario y Notarial,* vol. 1, p. 163 *et seq.*

The appeal should be dismissed and the order appealed from affirmed.